PEOPLE v. BAKER.[1]

1. CRIMINAL LAW—WITNESSES—DUTY OF PROSECUTOR.
   The rule requiring the people, in a criminal prosecution, to call as witnesses those who were present when the offense was committed, does not extend to persons who participated in the crime.

2. SAME—ACCOMPLICES—CROSS EXAMINATION.
   A witness who testifies upon his direct examination as to statements made by him while under arrest for participating in the crime of which respondent is accused may be cross-examined by the prosecutor with respect to such statements.

3. SAME—INDORSING WITNESSES ON INFORMATION.
   The prosecuting attorney may be allowed, on a proper showing, to indorse the name of a witness on an information after the commencement of the trial.

4. APPEAL—REMARKS OF COUNSEL—INCOMPLETE RECORD.
   Error assigned upon a statement of the prosecutor in his argument to the jury cannot be considered where the record fails to disclose what was said.

Exceptions before judgment from Eaton; Smith, J. Submitted February 4, 1897.   Decided March 23, 1897.

Charles Baker was convicted of burglary.   Affirmed.

*Alvan G. Fleury* and *J. M. C. Smith*, for appellant.

*Horace S. Maynard*, Prosecuting Attorney, for the people.

MOORE, J.   The respondent has been tried for and convicted of the offense of burglary.   Mr. Maynard opened the case to the jury for the people, stating "that, among other things, he expected to show that the respondent, his brother, Adam Baker, and his nephew, John Smith,

---

[1] Rehearing denied May 1, 1897.

broke into Charles Tanner's barn, which was within the curtilage, on the night of the 8th of June, 1895, and stole Charles Tanner's wool, and that the wool was carried out to the road, and loaded into a buggy, and the buggy was tracked to the house of the respondent; that Charles Tanner procured a warrant to be issued in this case for the arrest of Charles Baker, not knowing that Adam Baker and John Smith had been with the respondent when the wool was taken; that afterwards, learning that Adam Baker and John Smith were with the respondent on the night in question, he swore out a warrant for the arrest of Adam Baker and John Smith, who had been arrested, and, upon examination, were bound over to this court, and that their case was the next case on the calendar following the case at bar." Counsel for respondent then moved the court for an order requiring the prosecuting attorney to indorse the names of Baker and Smith upon the information, and call them as witnesses for the prosecution. The court refused to make this order, and his refusal is said to be error. It was the claim of the respondent that he was not guilty. The request for the order was based wholly upon the statement of the prosecuting attorney. If that statement was true, not only was the respondent guilty of the offense charged, but Adam Baker and John Smith were alike guilty. We know of no rule of law that requires the prosecution to call as a people's witness a *particeps criminis*. *People v. McCullough*, 81 Mich. 34; *People v. Considine*, 105 Mich. 149; *People v. Resh*, 107 Mich. 251.

The respondent objected to a question put to Mr. Maston, but, before Mr. Maston answered the question, the objection was sustained.

John Smith was offered as a witness on the part of the defense, and testified that he was with Baker the night in question, and, in response to questions put by respondent's counsel, testified that at first he denied being with the respondent the night in question, and assigned as a reason that his folks were not on good terms with

Baker, and he did not want them to know ne was with Baker. On the cross-examination, he was examined about these statements, and if he had not denied being with Mr. Baker, to Mr. Green, the sheriff, and Mr. Nichols, the justice. Objection was made to these questions, on the ground that the witness was under arrest, and could not be examined about statements made when he was under arrest. We think the examination was proper. It was simply cross-examination of a witness upon a subject about which he had testified in response to questions put to him by the counsel for respondent, and was proper, as bearing upon the question of the credit to be given him as a witness.

Errors are assigned in relation to the cross-examination of other witnesses. An inspection of the record shows the cross-examination to have been proper, in view of the testimony given in chief by the witnesses. It will not be necessary to discuss that feature further.

It is said to be error because the prosecuting attorney was allowed to indorse the name of a witness on the information, after the trial had commenced. This was not allowed until a proper showing was made. We do not think it error. *Hill* v. *People*, 26 Mich. 496; *People* v. *Machen*, 101 Mich. 400.

Error is assigned upon the refusal of the court to give certain requests to charge, and upon the charge as given. An inspection of the record does not show any error in that respect. The jury were carefully and guardedly charged as to the law of the case.

An assignment of error is made upon a statement made by the prosecuting attorney in his argument. He at once disavowed having made such statement, and the record does not disclose that he did make it. Exception is taken to other portions of the argument of the prosecuting attorney. The record does not disclose what was said by the prosecuting attorney, and we have no way of decid-

ing whether it was objectionable or not. *Welch* v. *Palmer*, 85 Mich. 314; *Farrand* v. *Aldrich*, 85 Mich. 601.

We discover no error in the record.

Judgment is affirmed.

The other Justices concurred.