## PEOPLE *v.* KOUKOL.

1. CRIMINAL LAW—INDORSING WITNESSES' NAMES ON INFORMATION—
   STATUTES.

   Right of defendant to know witnesses to be called against him is
   substantial one, and therefore statutory requirement that
   names of witnesses known to prosecutor be indorsed on infor-
   mation at time of filing should be faithfully observed, not-
   withstanding court has authority to indorse names of wit-
   nesses before or during trial (3 Comp. Laws 1929, § 17254).

2. SAME—OPPORTUNITY TO PREPARE FOR TRIAL.

   Although court has authority to indorse names of witnesses on
   information during trial, defendant is entitled to reasonable
   opportunity to prepare for trial.

3. SAME—WITNESSES—WAIVING   IMMUNITY—CROSS-EXAMINATION—
   SELF-INCRIMINATION.

   Where, in prosecution for embezzlement, joint indictee with de-
   fendant turned State's evidence, was sworn and examined as
   witness for people, it was error for court to advise him, on
   cross-examination, that he had right to refuse to answer any
   question that might tend to incriminate him, since, under cir-
   cumstances he had waived his immunity as coindictee and his
   constitutional privilege against self-incrimination, and was
   subject to same rules of cross-examination as any other wit-
   ness.

4. WITNESSES — ACCOMPLICE — CROSS-EXAMINATION — STATE'S EVI-
   DENCE.

   Same rule as to cross-examination applicable to defendant who
   takes witness stand in his own behalf applies to accomplice
   who turns State's evidence.

Appeal from Oakland; Gilbert (Parm C.), J., pre-
siding. Submitted January 12, 1933. (Docket No.
132, Calendar No. 36,053.) Decided April 4, 1933.

Frank J. Koukol was convicted of embezzlement.
Reversed, and new trial granted.

*Preston Allen* and *Charles E. Webster,* for appellant.

Potter, J.. Defendant was indicted jointly with Fred J. Mertz, Lottie S. Thibos, and John H. Parsons for embezzlement; on trial convicted, and appeals. Having been indicted by a grand jury, the names of the witnesses were indorsed on the indictment, filed April 10, 1931. The case was brought on for trial May 11, 1931, at which time motion was made on behalf of the people to indorse the names of John H. Parsons, Lottie S. Thibos, and Fred J. Mertz on the indictment as witnesses. Defendant objected thereto, claimed surprise, and asked adjournment, claiming he had not had time to prepare for trial. A bill of particulars ordered by the court was not filed until the day of trial. Defendant's objections to the indorsement of these names on the information, and his request for a continuance, were overruled by the trial court, and the names of the witnesses indorsed. The names of other witnesses were indorsed against defendant's objection, on motion of the prosecuting attorney. The objections of defendant to this action by the trial court were also raised by motion for new trial made and denied.

In *People* v. *Hall,* 48 Mich. 482 (42 Am. Rep. 477), it is said:

"The court allowed the names of several witnesses to be added to the information during the trial, under objection, without any showing that they were not known earlier and in time to give defendant notice in season to anticipate their presence before trial. The statute is explicit that this shall be done before trial where witnesses are known. * * * This is not a mere formality; and wherever it has been provided for by statute it has been treated as a substantial right."

In *People* v. *Moran,* 48 Mich. 639, the prosecuting attorney indorsed the names of additional witnesses on the information when the case came on for trial without application to or permission from the trial court. For this error a judgment of conviction was reversed, and new trial granted.

The purpose of the rule is thus stated in *People* v. *Quick,* 58 Mich. 321:

"The object of this is not merely to advise a respondent what witnesses will be produced on the main charge. It is to guard him against the production of persons who are unknown, and whose character he should have an opportunity to canvass. It is as important to impeach a rebutting witness as any other."

See, also, *People* v. *Howes,* 81 Mich. 396; *People* v. *Casey,* 124 Mich. 279.

Section 40, chap. 7, Act No. 175, Pub. Acts 1927, as amended by Act No. 24, Pub. Acts 1929 (3 Comp. Laws 1929, § 17254), provides:

"All information shall be filed during term in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate by the prosecuting attorney of the county as informant; he shall subscribe his name thereto, and indorse thereon the names of the witnesses known to him at the time of filing the same. Names of other witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine."

In *People* v. *Tamosaitis,* 244 Mich. 258, decided since the enactment of this statute, it was said:

"The right of the defendant to know the witnesses to be called against him is a substantial one, and the statutory requirement should be faithfully observed by the prosecuting attorney."

In *People* v. *Smith*, 257 Mich. 319, involving a related offense, it was held error to swear Lottie Thibos as a rebutting witness without her name being indorsed on the information. Though the court had authority to indorse the names of these witnesses upon the information, defendant was entitled to a reasonable opportunity to prepare for trial.

The witness John H. Parsons, a joint indictee with defendant, turned State's evidence. His name was indorsed on the indictment filed against defendant against objection, and Parsons was sworn and examined as a witness for the people. When he was on the stand, on cross-examination, the trial court said:

"I suppose I should advise him and have the right to say to him that he is not obliged to convict himself of perjury in this case or say anything here that would convict him of perjury in some other trial. * * * I want you to testify according to your own wish and desire, but you have the right to know this, you are being asked a question now, * * * I will say in reference to that question, you are now asked whether or not you did perjure yourself before the grand jury; you are not obliged to answer that question here and now unless you wish to, providing you say your answer to that question might tend to incriminate you. In other words, you have the right here and now to refuse to answer any questions that would tend to incriminate yourself on any other offense, so you can answer that question or not now, as you see fit."

Whereupon the witness refused to answer further questions. This was prejudicial error.

"The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury; and it is well settled that a jury may convict on such testimony alone without confirmation. There is no

good sense in always applying the same considerations in every case to every witness who may stand in the relation of *particeps criminis.* We think it is the duty of a judge to comment upon the nature of such testimony, as the circumstances of the case may require; to point out the various grounds of suspicion which may attach to it; to call their attention to the various temptations under which such witness may be placed, and the motives by which he may be actuated; and any other circumstances which go to discredit or confirm the witness, all of which must vary with the nature and circumstances of each particular case." *People* v. *Jenness,* 5 Mich. 305, 330.

The same rule was adhered to in *People* v. *Hare,* 57 Mich. 505, and *People* v. *Schweitzer,* 23 Mich. 301.

"The rule is well settled that the credibility of an accomplice, like that of any other witness, is exclusively a question for the jury, and that the jury may convict upon the testimony of an accomplice alone. But it has also been frequently stated that it is in many cases important that the court should comment upon the nature of such testimony, and point out the grounds of suspicion which may attach to it, calling the attention of the jury to the situation and the temptation under which such witnesses may be placed, and especially if there is testimony tending to show that they have been induced to take the stand in a particular case under a promise of immunity." *People* v. *Considine,* 105 Mich. 149, 163.

Where one under indictment takes the witness stand, he waives his constitutional privilege against self-incrimination, and is subject to the same rule of cross-examination as any other witness, and cannot shield himself from making a full and fair disclosure of all the facts of which he has knowledge upon the ground his answers may tend to incriminate him. *People* v. *Dupounce,* 133 Mich. 1 (103 Am. St. Rep. 435, 2 Ann. Cas. 246).

In *People* v. *Gray*, 135 Mich. 542, defendant was cross-examined, and testimony elicited tending to show he had been guilty of perjury. The testimony was objected to, and it was insisted the credibility of respondent as a witness in his own behalf could not be attacked by proving from his own lips on cross-examination that he had committed other offenses than that for which he was being tried, but it was held "that the respondent in a criminal case who becomes a witness in his own behalf is subject to all the rules of cross-examination to test veracity applicable to ordinary witnesses."

"An accomplice who consents to becoming a witness for the people on the trial of his associates for the offense charged, must disclose all he and his associates may have said or done in relation to such offense, and cannot be excused from testifying to statements made by him to his attorney, on the ground of their being privileged." *Alderman* v. *People* (syllabus), 4 Mich. 414 (69 Am. Dec. 321).

The same rule that applies to a defendant when he takes the witness stand in his own behalf applies to an accomplice who has turned State's evidence.

"It would certainly lead to most startling results if an accomplice, who has made out a clear showing of a prisoner's guilt, and has, in doing so, criminated himself to an equal degree, could refuse to have his veracity, or fairness, or bias, or corruption, tested by a cross-examination, and yet be allowed to stand before court and jury on the same footing with any other witness who has been perfectly candid, but who may have been convicted of a similar felony. It is perfectly evident that where a witness who has undertaken to give a full account of a transaction, and has not spared himself from conclusive accusation, then turns round and refuses to answer further, his motive must be something more than to save himself

from the criminal exposure, and it is of great importance to learn why such a course is adopted. If, in those cases where cross-examination is most desirable, to test the credit of a man who is seeking to save his own liberty, by swearing away that of another, it can be completely prevented at the option of the witness himself, it would be difficult to justify the rule which allows codefendants to be used by the prosecution at all, when they cannot be received for the defense. I cannot conceive that the law will tolerate such a state of things. When a man has voluntarily admitted his guilt, he has done all that he can to criminate himself, and his protection from further disclosure on the same subject is no protection whatever, because it cannot undo what makes the whole mischief.     *     *     *

"The law does not endeavor to preserve any vain privileges, and such a privilege as would allow a witness to answer a principal criminating question, and refuse to answer as to its incidents, would be worse than vain; for, while it could not help the witness, it must inevitably injure the party, who is thus deprived of the power of cross-examination to test the credibility of a person who may, by avoiding it, indulge his vindictiveness or corrupt passions with impunity.     *     *     *

"When accomplices are allowed to testify for the purpose of furnishing evidence against a prisoner, they not only know that they are expected to criminate themselves, but they do it with the prospect of an advantage, which, if not absolutely promised, is substantially pledged to them, if they make full disclosures. If they see fit to furnish criminating proof, there is every reason to compel them to submit to the fullest and most searching inquiry. They expressly waive their privilege by giving such proof, for they could not be sworn at all without their consent, while under a joint indictment; and, if not indicted, they could still refuse to furnish evidence of

joint misconduct. But there is neither reason nor show of authority which can, in any case, allow to them any privilege whatever, when they have gone so far already, as to any matters in which they and the prisoner on trial have been connected." *Foster* v. *People,* 18 Mich. 266, 273, 275, 276.

"When a codefendant in a criminal case turns State's evidence, and has attempted to convict others by proof also convicting himself, he has no right to claim any privilege concerning any of the facts bearing upon the issue. He has waived all privileges which would permit him to withhold anything." *Hamilton* v. *People,* 29 Mich. 173, 184.

"We are satisfied that in the case of one who has admitted his connection with a crime, testifying against another as his accomplice, not only the people, but the defense, are entitled to the whole story, and to all that the witness has said or done in relation to the offense up to the time of the giving of his testimony, including confidential communications to his attorney. As far as the crime in question is concerned, he has, by going upon the stand and acknowledging his participation in it, waived all privilege as regards it, as the reason of the privilege has been removed by his own act." *People* v. *Gallagher,* 75 Mich. 512, 516.

Defendant was entitled to searching cross-examination of the witness Parsons who by taking the witness stand and testifying for the people (a) waived his immunity as a coindictee, and (b) his constitutional privilege against self-incrimination. Other errors are assigned. They are not likely to arise on a new trial.

Conviction reversed. New trial granted.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.