PEOPLE v. SOUTHERN.

1. CRIMINAL LAW—ACCEPTING MONEY FROM EARNINGS OF PROSTI-
TUTE—PRELIMINARY EXAMINATION—EVIDENCE.

Evidence given by prosecutrix at preliminary examination of
party accused of accepting money from the earnings of a
prostitute was sufficient to permit examining magistrate to
find that a crime had been committed and that there was
probable cause to believe defendant guilty thereof (Act No.
328, § 457, Pub. Acts 1931).

2. INDICTMENT AND INFORMATION—BILL OF PARTICULARS—DISCRE-
TION OF COURT.

Denial of motion for bill of particulars to one accused of ac-
cepting money from the earnings of a prostitute under an in-
formation in the common-law form instead of that permitted
by statute was not an abuse of discretion where defendant
claims absence from city in which money is alleged to have
been paid on the dates payment is alleged to have been made
(3 Comp. Laws 1929, § 17258; Act No. 328, § 457, Pub. Acts
1931).

3. CRIMINAL LAW—RACE PREJUDICE.

Defendant, a colored man, charged with accepting money from
the earnings of a prostitute, was not denied a fair, impartial
and unprejudiced trial in that racial element appeared in the
case arising from the fact that the complaining witness was
a white woman, there was testimony as to his relations with
various other white women, and it also appeared that in a pre-
ceding term of court he had been tried for the same offense
in which the complaining witness was white (Act No. 328,
§ 457, Pub. Acts 1931).

4. INDICTMENT AND INFORMATION—INDORSEMENT OF WITNESSES AT
OPENING OF TRIAL—CONTINUANCE.

Permission to indorse the names of additional witnesses at the
opening of the trial did not constitute an abuse of discretion

where prosecutor stated he had received knowledge concerning their testimony only the day before and defendant did not ask for a continuance (3 Comp. Laws 1929, § 17254).

5. CRIMINAL LAW—TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.

In a criminal case the refusal to give requests to charge to jury in same language as requested does not constitute reversible error where issues raised by requests are covered by charge as given, although in different language, and charge as a whole is fair, complete and impartial.

6. SAME—ACCEPTING MONEY FROM EARNINGS OF PROSTITUTE—EVIDENCE.

Record in prosecution for accepting money from the earnings of a prostitute *held,* sufficient to support verdict, notwithstanding that witnesses on whom prosecution was forced to rely were not of the best character, that inconsistencies and contradictions appear in their testimony, and the testimony of the complaining witness as to various occasions on which she paid money to defendant was in most respects uncorroborated, the credibility of the witnesses being for the jury (Act No. 328, § 457, Pub. Acts 1931).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 17, 1943. (Docket No. 81, Calendar No. 42,074.) Decided September 7, 1943.

Jack Southern was convicted of accepting money from the earnings of a prostitute. Affirmed.

*Floyd H. Skinner,* for appellant.

*Herbert J. Rushton,* Attorney General, *Henry L. Beers,* Prosecuting Attorney, and *Leroy H. Bibby,* Assistant Prosecuting Attorney, for the people.

CHANDLER, J. Defendant was convicted and sentenced for violating Act No. 328, § 457, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–457, Stat. Ann. § 28.712).

He appeals and contends that his motion to quash the information should have been granted because

the evidence presented to the examining magistrate was insufficient to establish probable cause to believe him guilty of the crime charged. Repetition of such testimony is unnecessary. We have reviewed that portion of the testimony of the prosecutrix given at the examination, as quoted by the trial court in stating his reasons for denying defendant's motion for a new trial, and find it was sufficient to permit the magistrate to find that a crime had been committed and that there was probable cause to believe defendant guilty thereof. See *People* v. *Hirschfield,* 271 Mich. 20; *People* v. *Dochstader,* 274 Mich. 238; *People* v. *Wilkin & Walsh,* 276 Mich. 679.

His motion for a bill of particulars was denied and he alleges this to be error. The information was drafted in the common-law form, and not in the short form as permitted by statute. See 3 Comp. Laws 1929, § 17258 (Stat. Ann. § 28.984). It alleged that defendant accepted sums of money from the complaining witness in the city of Muskegon "between or about the fall of the year, A. D. 1937, and on or about the 25th day of December, A. D. 1939." The defense was an alibi, and as he claimed he was not in the city of Muskegon at the time the offenses were alleged to have occurred, it does not seem possible that he would have been benefited by a bill of particulars setting forth the exact dates of such offenses. In any event, it was discretionary with the trial court as to whether a bill of particulars should be furnished, and it does not appear that his discretion was abused in refusing to order the bill. See *People* v. *Tenerowicz,* 266 Mich. 276; *People* v. *O'Hara,* 278 Mich. 281; *People* v. *Hawthorne,* 293 Mich. 15.

Defendant is a colored man. He claims he did not receive a fair, impartial and unprejudiced trial because of the racial element that appeared in the

case. The complaining witness was a white woman and some of the testimony related to defendant's relations with various white women. It also appeared that in the preceding term of court he had been tried for the same offense in which the complaining witness was· white. Because of the difference in color between the complaining witness and defendant, this element was apparent in the beginning. A reading of the record does not convince us that he was in any way prejudiced by the issue.

At the opening of the trial, the prosecutor was granted permission to indorse the names of additional witnesses on the information · because he stated he had received knowledge concerning their testimony only the day before. Defendant claims this was error. He did not ask for a continuance as was requested in *People* v. *Koukol,* 262 Mich. 529 (87 A. L. R. 878), and as the record reveals no abuse of discretion in the granting of the motion to indorse additional names, no error occurred.* *People* v. *Tamosaitis,* 244 Mich. 258.

Defendant claims error in the refusal of the court to give certain of his requests to charge the jury. The issues raised by the requests were covered by the charge given, although in different language, and the charge as a whole was fair, complete and impartial. The point is without merit.

Finally, he claims that the verdict of the jury was contrary to the great weight of the evidence. The witnesses upon whom the prosecution was necessarily forced to rely were not of the best character, and inconsistencies and contradictions appear in their testimony. The testimony of the complaining witness as to the various occasions on which she paid money to defendant was in most respects un-

* See 3 Comp. Laws 1929, § 17254 (Stat. Ann. § 28.980).— REPORTER.

corroborated. However, the credibility of the witnesses was for the jury and our examination of the record does not convince us that the testimony was insufficient to support the verdict.

The judgment is affirmed.

Boyles, C. J., and North, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.