## PEOPLE v GAWTHROP

Docket No. 46055. Submitted October 15, 1980, at Lansing.—Decided
June 3, 1981. Leave to appeal applied for.

Paul Gawthrop was convicted by a jury in Saginaw Circuit Court,
Gary R. McDonald, J., of breaking and entering with intent to
commit a larceny and felonious assault. Defendant appeals,
alleging as reversible error the fact that the prosecution was
permitted to call as a witness an accomplice who had not
previously been indorsed on the information as a witness. *Held:*

While the prosecution need not indorse and call as a witness
an accomplice of the accused, if the prosecution wishes to call
an accomplice as a witness, the prosecution must include such
accomplice on the information prior to trial as it would any
other res gestae witness. It was error for the trial court to
permit the prosecution to call the accomplice as a witness,
since such person was not indorsed on the information; how-
ever, such error was harmless error, since the defendant was
not surprised by the production of that witness.

Affirmed.

T. M. Burns, J., dissented. He would hold that all res gestae
witnesses, including accomplices, must be indorsed on the
information but that accomplices need not be produced at trial
upon a showing of their status as accomplices. He would hold
that it was reversible error to permit the unindorsed accom-
plice to testify at trial. He would reverse and remand for a new
trial.

### Opinion of the Court

1. Criminal Law — Witnesses — Indorsement of Witnesses —
Accomplices.

The prosecution in a criminal case, in order to protect the
accused from the suppression of any testimony that might be
favorable to the accused, *is required by statute to indorse on*

References for Points in Headnotes
[1-4] 30 Am Jur 2d, Evidence § 1148 *et seq.*
75 Am Jur 2d, Trial § 196.
81 Am Jur 2d, Witnesses § 74.

the information and produce at trial all res gestae witnesses whose identities are known by the prosecution; the prosecution is not required, however, to indorse and produce as a witness any accomplice of the accused (MCL 767.40; MSA 28.980).

2. CRIMINAL LAW — WITNESSES — INDORSEMENT OF WITNESSES — ACCOMPLICES.

The accomplice exception to the requirement that the prosecution must indorse all known res gestae witnesses does not allow the prosecution to call as a witness an accomplice who has not been indorsed prior to trial; if the prosecution wishes to call as a witness an accomplice, the prosecution must indorse that accomplice as it would any other res gestae witness.

3. CRIMINAL LAW — WITNESSES — INDORSEMENT OF WITNESSES — ACCOMPLICES — HARMLESS ERROR.

Permitting the prosecution to call as a witness at trial an accomplice who has not previously been indorsed does not constitute reversible error where defendant was not surprised.

DISSENT BY T. M. BURNS, J.

4. CRIMINAL LAW — WITNESSES — INDORSEMENT OF WITNESSES — ACCOMPLICES.

*The failure of the prosecution to indorse all res gestae witnesses, including accomplices of the accused, denies the accused his right to due process of law; allowing the prosecution to call as a witness at trial an accomplice of the accused where such person has not previously been indorsed on the information constitutes reversible error where the accused is surprised by the calling of such accomplice as a witness.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Jeffrey C. Wilson,* Assistant Prosecuting Attorney, for the people.

*Mardi Crawford,* Assistant State Appellate Defender, for defendant on appeal.

Before: CAVANAGH, P.J., and T. M. BURNS and R. H. CAMPBELL,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. H. CAMPBELL, J. Defendant appeals as of right
after a jury convicted him on February 20, 1979, of
breaking and entering an occupied dwelling with
intent to commit larceny, MCL 750.110; MSA
28.305, and felonious assault, MCL 750.82; MSA
28.277. On April 19, 1979, defendant was sen-
tenced to concurrent prison terms of 4-1/2 to 15
years for the breaking and entering conviction and
2-1/2 to 4 years for the assault conviction.

Defendant argues that the trial judge erred in
permitting the prosecutor to introduce at trial the
testimony of an alleged accomplice who was not
indorsed on the information. We agree but find
that it was not reversible error for the reasons
herein indicated.

During trial, defense counsel objected to the
prosecutor's calling Lionel Gonzales as a witness
because Gonzales had not been indorsed on the
information as one of the prosecution's witnesses
and because defendant had not received notice
that Gonzales would testify. The trial court over-
ruled defendant's objection, holding that, because
Gonzales was an alleged accomplice of defendant,
it was not necessary for the prosecutor to have
indorsed him before offering his testimony. MCL
767.40; MSA 28.980 requires the prosecutor to
indorse on the information and produce at trial all
res gestae witnesses whose identities are known by
the prosecutor at the time the information is filed.
*People v Castelli,* 370 Mich 147; 121 NW2d 438
(1963), *People v Harrison,* 44 Mich App 578; 205
NW2d 900 (1973). The purpose of this rule is to
insure a full disclosure of the facts surrounding
the criminal incident, to protect the accused
against the suppression of any testimony that may
be favorable to him, and to give the defendant the
benefit of cross-examination. *People v Raider,* 256

Mich 131, 135; 239 NW 387 (1931). However, this general rule is not without exceptions.

One of these exceptions is that the prosecutor is not required to indorse or call as a witness any accomplice of the defendant. *People v Phillips,* 61 Mich App 138; 232 NW2d 333 (1975), *People v Czymanski,* 52 Mich App 605; 218 NW2d 95 (1974). The reason for this exception was stated by the Supreme Court in *People v Raider, supra,* 135-136.

"Obviously the exceptions were founded upon the recognized inclination or inducement of those close to the accused, by community of interest in the crime or relationship, to perjure themselves, if they deem it necessary, in his behalf, and the incongruity of requiring the prosecution to make such witnesses its own."

In *People v Thomas,* 49 Mich App 682, 686-687; 212 NW2d 728 (1973), a panel of this Court rejected the claim of a defendant that the trial judge had erred in granting a prosecution motion to indorse an alleged accomplice after the jury had been impanelled. The Court concluded that because the prosecutor was not required to indorse an accomplice of the defendant, "error cannot be predicated upon his late, albeit unnecessary, motion to do so". Similarly, in *People v Lytal,* 96 Mich App 140, 162; 292 NW2d 498 (1980), a panel of this Court considered the identical issue and found it to be without merit, "since the prosecutor has no obligation to indorse, produce or call an accomplice witness, his decision to do so at trial cannot be deemed improper". We do not agree that these two cases were properly decided and we decline to follow them.

Both *Lytal* and *Thomas* based their conclusions upon the argument that, because a prosecutor has no duty to indorse or call an alleged accomplice of

the defendant, the prosecutor may do so if he wishes without giving prior notice to the defendant. However, we believe that the conclusion of this argument does not follow from its premise. That is, the rationale for the rule that the prosecutor need not indorse or call an accomplice of the defendant is that a requirement that he do so would create an anomalous situation in which the prosecutor would be calling as his own a witness more likely to be favorable to the defendant. But that reasoning has no application in this or similar cases in which the prosecutor wishes to call an alleged accomplice whose testimony will not be adverse to the prosecutor. Thus, under these circumstances, the purpose of this exception to the general rule that the prosecutor must call all res gestae witnesses has no application and the prosecutor should be permitted to call the witness only if he has satisfied the dictates of the general rule.

*Lytal* and *Thomas* were wrongly decided because they applied a rule of criminal procedure to a situation in which it was not intended to be applicable. In doing so, these two cases used the rule, which was meant to be a shield for the prosecutor, in such a way as to permit it to become a sword. Finally, when critically examined, the rule that the prosecutor need not indorse or call witnesses who are alleged accomplices of the defendant violates the due process safeguards to which an accused is entitled.

We observe that the accomplice exception has been questioned by this Court. In *People v Potts*, 55 Mich App 622; 223 NW2d 96 (1974), this Court questioned the rule that a prosecutor has no duty to call an accomplice but found that the question was one for the Supreme Court and refused to modify what it regarded as binding precedent. In

*People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), another panel of this Court stated that it was not unlikely that the rule permitting the prosecution not to indorse accomplices should be re-examined. Again, the Court considered itself bound by Supreme Court precedent that held that the prosecution is not obligated to indorse accomplices.

The Supreme Court itself has suggested that the accomplice exception need not apply in the instant situation. In *People v Koukol,* 262 Mich 529; 247 NW 738 (1933), the defendant was jointly charged with three other individuals. The prosecution moved to indorse these witnesses when the case was brought on for trial. The defendant objected at that point, claiming surprise and seeking a continuance. The Supreme Court found that, if these witnesses were indorsed, the defendant was entitled to a reasonable opportunity to prepare for trial. The Court found error in denying the defense motion for a continuance. While the *Koukol* Court made no reference to the accomplice exception in its opinion, it clearly applied the general rules regarding res gestae witnesses. Had the Court intended the accomplice exception rule to leave a prosecutor free to call an unindorsed accomplice witness at trial, without any notice to the defendant, the *Koukol* Court would not have found reversible error in the failure to grant a continuance.

We recognize that a prosecutor need not indorse any accomplice witness he does not anticipate calling. If, however, a prosecutor believes he might call an accomplice witness, we hold that he must indorse that accomplice, as he would any other res gestae witness. The prosecutor should designate on the information that he believes the witness is an

accomplice. Should the prosecutor not wish to call that witness, he must move to strike that witness's name from the information.

This rule provides a defendant with notice that the prosecution plans to call an accomplice. It also leaves intact the general accomplice exception, which was formulated to protect a prosecutor from calling accomplice witnesses who would be likely to perjure themselves for defendant's benefit. *People v Raider, supra.* This new rule should be applied prospectively.

In the case at bar, although the defendant objected to the prosecutor calling Gonzales as a witness, he did not claim surprise. The trial record also discloses that cross-examination of Gonzales was very thorough. No issue raised by defendant in this appeal presents reversible error.

Thus, any error was harmless and we affirm the conviction.

M. F. Cavanagh, P.J., concurred.

T. M. Burns, J. *(dissenting)*. The conclusion of the majority opinion does not follow from its scholarly presentation of the current status of Michigan law regarding the indorsement and calling at trial of a defendant's alleged accomplice. The question before us encompasses a problem greater in scope than merely protecting a prosecutor from the prejudice he may encounter by calling a witness who may be biased in favor of the defendant.

As the majority correctly states in their opinion, "the rule that the prosecutor need not indorse or call witnesses who are alleged accomplices of the defendant violates the due process safeguards to which an accused is entitled". If a defendant claims innocence and denies any participation in the alleged crime, how can it be said that any

witness was an accomplice of the defendant until the jury has returned a verdict of guilty? In essence, permitting the prosecutor to determine who is and who is not an accomplice of the defendant violates due process because it permits the state to prejudge a defendant's guilt or innocence on the crucial question of what witnesses the state should be required to present against him.

If a prosecutor is not required to indorse the alleged accomplice of the defendant on the information but is wrong in his determination that the witness was an accomplice, the defendant may never know of the witness's existence. Further, even if the defendant knows of the witness's identity, requiring the defendant rather than the prosecutor to call the witness at trial is certainly likely to diminish the credibility of the witness in the eyes of the jury and, as a consequence, prejudice the defendant.

A prosecutor's fears that he may be prejudiced if required to call a witness who is more likely to testify in favor of the defendant pales in comparison to the defendant's right to due process. Therefore, I would hold that the proper statement of the law is that a prosecutor must indorse on the information *all* witnesses known to him, but that he need not call at trial any witness who is an accomplice of the defendant.

Application of this rule would notify the accused of all potential res gestae witnesses and would require the prosecutor to make a motion to strike from the information the names of any witness he believes to have been an accomplice of the defendant. Such a motion would necessitate the holding of the hearing at which evidence could be taken and at the conclusion of which a judge, and not the prosecutor, would make the determination as

to whether the witness was an accomplice. This procedure would better comport with due process than one which permits the prosecutor to make this determination.

I would hold that the lower court erred in permitting the prosecutor to call at trial a witness whose name was neither indorsed originally on the information nor added to it subsequently. Defendant was prejudiced by the testimony of Lionel Gonzales. Contrary to what the majority states, defendant was surprised by the calling of this witness and in fact clearly stated that he had not received any notice that Mr. Gonzales would be called.

Both the present rule regarding the indorsement and calling at trial of alleged accomplices of a criminal defendant and the rule that the majority advocates in this case violate due process. This cause should be reversed and remanded for a new trial.