PEOPLE v GAWTHROP (ON REMAND)

Docket No. 71454. Submitted May 19, 1983, at Lansing.—Decided December 5, 1983

Paul Gawthrop was convicted of breaking and entering with intent to commit larceny and of felonious assault, Saginaw Circuit Court, Gary R. McDonald, J. He appealed, alleging that the trial court erred in allowing the prosecutor to present as a witness an accomplice who had not been indorsed as a witness. The Court of Appeals affirmed, 106 Mich App 722 (1981). The Supreme Court, in lieu of granting defendant's application for leave to appeal, remanded to the Court of Appeals for reconsideration in light of recent Supreme Court precedent, 417 Mich 983 (1983). On remand, *held:*

1. A prosecutor, if he chooses to call an accomplice as a witness, must indorse the name of the accomplice. The accomplice in this case was not indorsed; the prosecutor did not even know she was going to call the accomplice until the day before doing so. The trial court erred in allowing the accomplice to testify without being indorsed.

2. The error was not harmless. The lack of notice prejudiced the defendant's ability to investigate and prepare for cross-examination of the accomplice, and the evidence against the defendant other than the testimony of the accomplice was not strong.

Reversed and remanded.

V. J. BRENNAN, J., dissented. He would hold that the error, if any, in allowing the accomplice to testify, was harmless because the other evidence against the defendant was strong enough to prove the elements of the crimes charged.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
   81 Am Jur 2d, Witnesses § 2.
[2] 5 Am Jur 2d, Appeal and Error § 602.
   17 Am Jur 2d, Continuances § 42.
[3] 30 Am Jur 2d, Evidence § 1088.

OPINION OF THE COURT

1. CRIMINAL LAW — WITNESSES — INDORSEMENT OF WITNESSES — ACCOMPLICES.

> A prosecutor need not call or indorse an accomplice as a witness but, where he intends to call an accomplice, he is required to indorse that accomplice.

2. CRIMINAL LAW — APPEAL — PRESERVING QUESTION — WITNESSES — ACCOMPLICES.

> A defendant normally must request a continuance to preserve for appeal the issue of surprise or lack of notice in the prosecution's calling of an unindorsed accomplice as a witness; however, failure to request a continuance will not preclude consideration by the Court of Appeals where the lack of notice prejudiced the defendant's ability to investigate and prepare for cross-examination of the accomplice.

DISSENT BY V. J. BRENNAN, J.

3. CRIMINAL LAW — WITNESSES.

> *The number of witnesses who appear against a defendant is not relevant to prove the elements of the crime charged.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert L. Kaczmarek,* Prosecuting Attorney, and *Jeffrey C. Wilson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mardi Crawford),* for defendant on appeal.

ON REMAND

Before: T. M. BURNS, P.J., and V. J. BRENNAN and BRONSON, JJ.

T. M. BURNS, P.J. On February 20, 1979, defendant was convicted after a jury trial of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and felonious assault, MCL 750.82; MSA 28.277, and was subsequently sentenced to concurrent terms of from 4-1/2 to 15 years and 2-1/2 to 4 years imprisonment. He appealed as of right. On June 3, 1981,

this Court affirmed. 106 Mich App 722; 308 NW2d 621 (1981). However, on May 16, 1983, the Supreme Court remanded this case "for reconsideration in light of *People v Lytal,* 415 Mich 603 (1982)". 417 Mich 983 (1983).

On September 25, 1978, the trial court signed an order consolidating defendant's case with that of codefendant Lionel Gonzales. However, the day before trial, Gonzales pled guilty. Even though he was never indorsed, Gonzales testified for the prosecution the second day of trial. He testified that the prosecution had asked him to testify only the night before. After he was sworn in, the following exchange occurred:

"*Mr. Otto [defense counsel]:* Your Honor, for the benefit of the record, we would object to this witness as not having previous notice before today that he was going to testify, and he is not endorsed as a witness.

"*Miss Higgs [Assistant Prosecutor]:* It is my understanding, your Honor, that I do not have to endorse accomplices.

"*The Court:* That is correct, your objection is overruled."

Although the res gestae rule has been eliminated in most other jurisdictions, it is still quite vital in Michigan. A long-standing exception to this rule is that the prosecution usually need not call or indorse an accomplice witness. *People v Pearson,* 404 Mich 698, 735, fn 11; 273 NW2d 856 (1979); *People v Knoll,* 258 Mich 89; 242 NW 222 (1932); *People v Baker,* 112 Mich 211, 212; 70 NW 431 (1897); *People v Resh,* 107 Mich 251; 65 NW 99 (1895); *People v Lyle Brown,* 37 Mich App 25; 194 NW2d 450 (1971); *People v Green,* 32 Mich App 482; 189 NW2d 122 (1971). Some panels of this

Court have held that, because the prosecution need not indorse an accomplice, it may call the accomplice as a witness even if the witness was never indorsed. *People v Hence,* 110 Mich App 154; 312 NW2d 191 (1981); *People v Lytal,* 96 Mich App 140; 292 NW2d 498 (1980), and *People v Thomas,* 49 Mich App 682, 686-687; 212 NW2d 728 (1973). The Supreme Court reversed this Court in *Lytal,* holding that "[t]he prosecutor is required to indorse the name of an accomplice that he intends to call, [but] he is not required to produce or call an accomplice". *People v Lytal,* 415 Mich 603, 611-612; 329 NW2d 738 (1982).

Considering the Supreme Court's holding in *Lytal,* it was error for the trial court to allow Gonzales to testify for the prosecution without being indorsed. Once the prosecutor decided to use Gonzales as a witness, she should have indorsed him.

We conclude that this error was not harmless. Defendant's objection to the prosecution's use of Gonzales as a witness was on the basis that he lacked previous notice. Both surprise and a lack of time to prepare are implicit in this statement. The prosecution did not even know it would call Gonzales until the day before. Normally a defendant must request a continuance to preserve this issue for appeal. *People v Southern,* 306 Mich 324; 10 NW2d 901 (1943). In this case, as in *Lytal,* defendant's failure to request a continuance was not fatal. Imposing such a duty on defense counsel could prejudice his position before the trial court and jury. The lack of notice to defendant that Gonzales would be used as a witness prejudiced his ability to investigate and prepare for cross-examination of Gonzales.[1]

---

[1] In the instant case, when the trial court was informed that Gonzales was to testify, it should have granted a recess to allow defendant to investigate and prepare for cross-examination of Gon-

Of the eight witnesses who testified for the prosecution, only two directly implicated defendant. The victim testified that defendant struck her. She said that she had met defendant once before and did not know his name. The police officer answering the call testified that the victim was hysterical at the time. In fact, his testimony about what she told him after the incident was somewhat different than her testimony at trial. The only other witness directly implicating defendant was Gonzales. We cannot say that the evidence in this case was so strong that the error was harmless.

Before the new trial on remand, the prosecutor should file an amended information indorsing Gonzales. See *Lytal, supra,* p 612.

Reversed and remanded for a new trial.

BRONSON, J., concurred.


V. J. BRENNAN, J. *(dissenting).* I respectfully dissent. Because the state of the law at the time of trial was that an accomplice need not be indorsed as a witness, I am reluctant to find error on the part of the trial court. However, I also recognize that this case was remanded to us with the directive that we reconsider and look at the facts in light of the new Supreme Court case, *People v Lytal,* 415 Mich 603; 329 NW2d 738 (1982).

I disagree with the majority's finding of reversible error. On the contrary, I find that the evidence against the defendant was strong. The complainant positively identified the defendant. The female complainant, who was trying to defend her own home, property and, more particularly, her-

zales. *People v Heading,* 39 Mich App 126; 197 NW2d 325 (1972), *lv den* 389 Mich 782 (1973).

self, testified that the defendant had been in her apartment two days prior to the break-in and assault, and she had no trouble identifying him. Further, the facts as related by the witnesses were clear and explicit.

In addition, the number of witnesses who implicated the defendant as the perpetrator of the crimes charged has never been considered relevant to prove the elements of the crimes. One witness, who positively identifies the defendant and testifies as to the facts, is sufficient to establish the elements and to prove them beyond a reasonable doubt.

I would affirm.