PEOPLE v WARREN DRAKE

Docket No. 75832. Submitted April 1, 1985, at Detroit.—Decided May 8, 1985. Leave to appeal applied for.

Warren G. Drake was convicted of armed robbery, Wayne Circuit Court, Charles Kaufman, J. Defendant appealed, alleging that the prosecutor erred by failing to endorse two res gestae witnesses. *Held:*

The two alleged res gestae witnesses were accomplices. The prosecution is not required to endorse or produce accomplices, but if the prosecutor intends to call an accomplice as a witness, that witness must be endorsed. In this case the accomplices were neither endorsed nor called as witnesses.

Affirmed.

CRIMINAL LAW — ACCOMPLICES — WITNESSES — ENDORSEMENT OF WITNESSES.

A prosecutor is not required to endorse or produce accomplices of a defendant at trial, but if the prosecutor intends to call an accomplice as a witness, the accomplice must be endorsed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Frederick R. Doetsch, Jr.,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.),* for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and ALLEN, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations § 56.
62 Am Jur 2d, Pretrial Conference and Procedure § 20.
81 Am Jur 2d, Witnesses § 2.

Per Curiam. Following a bench trial on September 22, 1983, defendant was found guilty of armed robbery, MCL 750.529; MSA 28.797. Sentenced to one and one-half to five years in prison, defendant appeals as of right raising the single issue that the prosecutor erred by failing to endorse two res gestae witnesses.

While returning from a school basketball game, the complainant was hit on the head with a gun and robbed. Complainant was able to identify only the defendant. Two unidentified boys were not charged and the prosecution did not endorse or call either boy as a res gestae witness, even though their names were known to the police.

The prosecution contends that it is not obligated to endorse or produce accomplices. *People v Lytal,* 415 Mich 603; 329 NW2d 738 (1982). Defendant relies on Judge T. M. Burns's dissenting opinion in *People v Gawthrop,* 106 Mich App 722, 729; 308 NW2d 621 (1981). That case came back to this Court on remand by the Supreme Court, *People v Gawthrop (On Remand),* 130 Mich App 806; 345 NW2d 204 (1983). On remand we held that, while the prosecutor is not required *to endorse or produce* accomplices, the prosecutor is required to endorse the name of any accomplice whom he intends to call.

Once the prosecution decides to use an accomplice as a witness, that witness must be endorsed so as to prevent surprise and allow defense counsel time to prepare. In *Gawthrop* the accomplice was called as a witness but not endorsed. In the instant case, the accomplices were neither endorsed nor called. We find no error.

Affirmed.