PEOPLE *v.* PHILSON

TRIAL—SEPARATE TRIAL—MOTION—PRESERVING QUESTION.

 A defendant's failure to move for a separate trial precludes him from raising on appeal a claim that he was deprived of the effective use of counsel because he was jointly tried with other defendants (MCLA § 768.5).

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 7, 1969, at Lansing. (Docket No. 6,575.) Decided October 28, 1969.

Robert Philson was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: McGregor, P. J., and Quinn and Bronson, JJ.

Per Curiam. This case is submitted on the people's motion to affirm. Robert Philson was found

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 64.

guilty by the court, at the conclusion of a joint trial involving six defendants, of the crime of statutory rape (MCLA § 750.520 [Stat Ann 1954 Rev § 28-.788]). On February 15, 1967, defendant was sentenced to serve 5 to 15 years in prison. After appellate counsel was obtained, an appeal was filed claiming defendant was deprived of the effective use of counsel as the result of the joint trial of six defendants who each had separate counsel.

A complete review of defendant's brief, the motion to affirm, and the transcript of the trial, discloses no merit in defendant's claim. Defendant's trial counsel made no objection at trial regarding any interference by the six defense counsel in defending their clients. This defendant and one other waived trial by the jury. He was not prejudiced by any hearsay questions asked by other counsel in the presence of the jury, because the court properly disregarded questions not relevant to him. There was no showing that defendant's counsel was prevented from asking questions relevant to defendant. The court allowed one question requiring hearsay at defendant's counsel's request outside the presence of the jury, to permit an effective defense of defendant without prejudicing the other defendants tried by the jury.

Had defendant wanted a separate trial, he could have sought one upon motion. MCLA § 768.5 (Stat Ann 1954 Rev § 28.1028). Having failed to seek a separate trial, defendant is now precluded from raising the issue on appeal. *People* v. *Ryckman* (1943), 307 Mich 631.

Motion to affirm is granted.