## PEOPLE v. JEFFREY JORDAN

TRIAL—CRIMINAL LAW—SEPARATE TRIAL—DENIAL—DISCRETION.
   Denial of a criminal defendant's motion for a separate trial does not constitute an abuse of judicial discretion in the absence of any argument or affidavits by defendant indicating how he could be prejudiced by that denial.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 October 7, 1969, at Lansing. (Docket No. 7,127.) Decided October 28, 1969.

Jeffrey Jordan was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*William R. Stackpoole,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and BRONSON, JJ.

PER CURIAM. This case, submitted on the people's motion to affirm, is the companion case to *People* v.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 56.

*Philson* (1969), 19 Mich App 574. As in the *Philson Case,* defendant contends he was prejudiced by having a joint trial with five other defendants for the crime of statutory rape.* On appeal, defendant contends his trial counsel made an oral motion for separate trials which, he claims, was never ruled upon. Contrary to defendant's claim, a reading of the transcript does not disclose a motion for separate trials, but rather, a request for a hearing to provide defendant with an opportunity to tender a plea to a lesser included offense which was denied. Counsel's motion was as follows:

"*Mr. Jameson:* My name is James A. Jameson. I represent the defendant Jeffrey Jordan.

"I proposed to the prosecution, after consulting Mr. Lester, that he plead guilty—because he has admitted to me—to attempted rape.

"I want to facilitate matters here for the court, as well as for all parties concerned; and my motion is to the effect that—I can't understand why he is jointly charged with the others, I think this is a separate and distinct offense—and I ask that he be given that opportunity to plead guilty as a separate offender.

"Then if the prosecution wants to indorse him, that's up to the prosecution to proceed."

In any case, assuming the above statement constituted a motion for a separate trial, a denial would not constitute an abuse of judicial discretion in the absence of any argument or affidavits indicating how defendant could be prejudiced. *People* v. *Mullane* (1931), 256 Mich 54, and *People* v. *Kynerd* (1946), 314 Mich 107.

There being no other distinction between this case and *Philson, supra,* this case is governed by our holding in *Philson.*

Motion to affirm is granted.

---

* MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).