PEOPLE v GONYEA

Docket No. 57379. Submitted June 3, 1982, at Grand Rapids.—Decided June 6, 1983. Leave to appeal applied for.

Jerry E. Gonyea was convicted in a jury trial of second-degree murder, Alpena Circuit Court, Joseph P. Swallow, J. Defendant appeals, alleging several errors. *Held:*

1. A prior inconsistent statement obtained from the defendant in violation of defendant's right to counsel and without advising defendant of his rights was admitted for impeachment purposes when defendant testified at trial. Admission of such a statement for impeachment is not precluded if the statement is determined to be voluntary. The trial court did not err in holding that the statement in question was voluntarily made.

2. The statement in question was made following defendant's original conviction by guilty plea, which was on appeal at the time and was subsequently reversed. The Sixth Amendment

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 29 Am Jur 2d, Evidence §§ 555-557, 612-614.
   81 Am Jur 2d, Witnesses §§ 518, 596.
   Propriety of using otherwise inadmissible statement, taken in violation of Miranda Rule, to impeach criminal defendant's credibility —state cases. 14 ALR4th 676.
[2] 5 Am Jur 2d, Appeal and Error § 948 *et seq.*
   29 Am Jur 2d, Evidence § 583.
[3] 29 Am Jur 2d, Evidence §§ 529, 543 *et seq.,* 582.
   Admissibility of pretrial confession in criminal case—Supreme Court cases. 16 L Ed 2d 1294.
[4] 21A Am Jur 2d, Criminal Law §§ 804-813.
[5] 81 Am Jur 2d, Witnesses § 596 *et seq.*
[6] 75 Am Jur 2d, Trial § 145 *et seq.*
[7] 29 Am Jur 2d, Evidence §§ 250, 269.
[8] 75 Am Jur 2d, Trial § 63 *et seq.*
   81 Am Jur 2d, Witnesses § 73.
[9] 75 Am Jur 2d, Trial § 260.
[10] 5 Am Jur 2d, Appeal and Error §§ 545 *et seq.,* 624 *et seq.*
   Propriety and prejudicial effect of prosecuting attorney acquiring new matter or points in closing summation in criminal case. 26 ALR3d 1409.
[11] 21 Am Jur 2d, Criminal Law § 527 *et seq.*

right to counsel applies to such post-conviction statements where appeal is not final. The statement could not be used in the prosecutor's case in chief but was properly admitted for impeachment.

3. The defendant's credibility at trial was crucial. Under the circumstances the trial court did not abuse its discretion by admitting the statement for impeachment.

4. Testimony relating to the victim's state of mind was properly allowed in rebuttal after the defendant raised as a defense that the killing was an "accident" during an alleged "lovers' quarrel".

5. The defendant has shown no prejudice because of the rebuttal witness's alleged violation of a sequestration order.

6. The prosecutor's theory of the case was consistent with the evidence presented in the case. Further, certain comments of the prosecutor in closing argument, which were not objected to at trial, were not so improper as to create a manifest injustice.

7. The trial court did not abuse its discretion in discounting a portion of the presentence report in light of the evidence admitted at trial.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — DEFENDANT'S STATEMENT — IMPEACHMENT.

A defendant's statement obtained without the presence of counsel and without the defendant's having been advised of his rights, while not admissible as substantive evidence against the defendant, may be admitted for impeachment purposes provided that the statement was not coerced or involuntary.

2. APPEAL — CRIMINAL LAW — VOLUNTARINESS OF STATEMENT.

A trial judge's decision regarding the voluntariness of a statement will not be reversed unless the Court of Appeals, after examining all the evidence, is left with a definite and firm conviction that a mistake has been made.

3. CRIMINAL LAW — CONFESSIONS — VOLUNTARINESS OF CONFESSION.

A confession is not voluntary if obtained by any sort of threat or violence, by any promises express or implied, or by the exertion of any improper influence; the ultimate question is whether the confession was the product of an essentially free and unconstrained choice by its maker.

4. CRIMINAL LAW — RIGHT TO COUNSEL — POST-CONVICTION STATEMENTS.

The right of a defendant to have counsel present when making a

statement to the police applies to post-conviction statements made by a convicted defendant where appeal of the conviction is not final; such a statement, if voluntary, may, however, be used for purposes of impeachment in a later trial.

5. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — INCONSISTENT TESTIMONY.

The use of a defendant's inconsistent statement for purposes of impeachment was not an abuse of discretion where the defendant was the only eyewitness to the killing with which he was charged and his theory was that the killing was accidental, thus making his credibility crucial.

6. CRIMINAL LAW — TRIAL — ORDER OF TESTIMONY.

A defendant is entitled to have testimony at trial introduced in its proper order.

7. EVIDENCE — REBUTTAL TESTIMONY — IMPEACHMENT.

Rebuttal testimony is limited to the refutation or impeachment of relevant and material evidence bearing on an issue properly raised in the case by the opposing party and is improper when used to impeach on a collateral matter; the admission of rebuttal evidence is within the discretion of the trial judge.

8. WITNESSES — SEQUESTRATION OF WITNESS.

The question of whether a witness who has violated a sequestration order should be barred from testifying is within the trial court's discretion.

9. CRIMINAL LAW — PROSECUTOR'S ARGUMENT.

A prosecutor may argue his theory of a case based on logical inferences drawn from the evidence presented; he may not argue that there is evidence that something occurred when there is no such evidence.

10. CRIMINAL LAW — APPEAL — PROSECUTOR'S ARGUMENT.

Appellate review of alleged improprieties in a prosecutor's closing argument is precluded in the absence of any objection at trial unless any prejudicial effect could not have been eliminated by a curative instruction or unless failure to consider the issue would result in a miscarriage of justice.

11. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORT.

A sentencing judge has the discretion to consider and weigh the contents of a presentence report.

*Frank J. Kelley*, Attorney General, *Louis J.*

*Caruso,* Solicitor General, *Theodore O. Johnson,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Peter Jon Van Hoek),* for defendant.

Before: R. B. Bᴜʀɴs, P.J., and MᴀᴄKᴇɴᴢɪᴇ and L. C. Rᴏᴏᴛ,* JJ.

MᴀᴄKᴇɴᴢɪᴇ, J. After a jury trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549. Defendant was sentenced to imprisonment for life and appeals by right.

Defendant testified at trial. Defendant argues that the trial judge erred by permitting him to be impeached by a prior inconsistent statement made to the police. It was not disputed that the statement would have been inadmissible as substantive evidence because it was obtained in violation of the rules stated in *Massiah v United States,* 377 US 201; 84 S Ct 1199; 12 L Ed 2d 246 (1964), and *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). However, violation of the *Miranda* rule does not prevent use of defendant's statement for impeachment purposes provided the statement was not coerced or involuntary. *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971); *Oregon v Hass,* 420 US 714; 95 S Ct 1215; 43 L Ed 2d 570 (1975); *Mincey v Arizona,* 437 US 385; 98 S Ct 2408; 57 L Ed 2d 290 (1978). Similar use is permitted of statements obtained in violation of the *Massiah* rule. *United States v Frank,* 520 F2d 1287, 1291 (CA 2, 1975); *United States v Taxe,* 540 F2d 961, 968-969 (CA 9, 1976), *cert den* 429 US 1040 (1977); *United States*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*v MacManaman,* 606 F2d 919, 924-925 (CA 10, 1979).

The trial judge, after holding an evidentiary hearing consisting of nearly two days of testimony, held that defendant's statement was voluntary. This Court will not reverse a trial judge's decision as to voluntariness unless, after examining all the evidence, we are left with a definite and firm conviction that a mistake has been made. *People v Dean,* 110 Mich App 751, 754; 313 NW2d 100 (1981). A confession is not voluntary if obtained by any sort of threat or violence, by any promises, express or implied, or by the exertion of any improper influence. *Malloy v Hogan,* 378 US 1, 7; 84 S Ct 1489; 12 L Ed 2d 653 (1964). The ultimate question is whether the confession was the product of an essentially free and unconstrained choice by its maker. *Culombe v Connecticut,* 367 US 568, 602; 81 S Ct 1860; 6 L Ed 2d 1037 (1961).

In *Hutto v Ross,* 429 US 28; 97 S Ct 202; 50 L Ed 2d 194 (1976), the Court held that a confession made subsequent to an agreed-upon plea bargain that did not call for such a confession was not per se involuntary. The Court's resolution of that case indicated that the voluntariness of such a confession was to be determined by application of the general rules concerning voluntariness.

Defendant made the statement at issue here after a guilty plea and sentence in this case which was later reversed on appeal. See 406 Mich 982 (1979). The interrogating officers testified that defendant's attorney had agreed to allow them to question defendant without the attorney's being present and that they had conveyed this information to defendant. Defendant's attorney testified that he did not remember making such an agreement and that he remembered refusing to make

such an agreement on several occasions. The trial judge found that no such agreement had been made and that even if counsel for defendant had in fact given his permission to the officers it could not constitute a waiver of defendant's constitutional rights. Even assuming the statement was made without permission, the court concluded that the officers' influence on defendant was not coercive and that defendant's statement was not compelled.

The trial judge based this determination, in part, on the following observations:

"In addressing defendant's emotional state at the time of rendering his consent, the court notes that defendant had previously plead guilty, knowing the penalty that could be imposed. Thus, he cannot claim surprise as to its severity. He was then brought to the surroundings of either a judge's chambers or jury room. He was in the protective custody of armed deputies, and thus relatively free from concern of retaliation by the victim's parents or friends.

"Very importantly, he was sufficiently aware and possessed sufficient emotional stability so as to concern himself as to the advice and position of his trial counsel.

"Most important, irrespective of the statement of the officers that his trial counsel approved, the final choice to go or not to go—to speak or not to speak, by direction of the officers, was left to defendant's decision."

As we stated in *People v Wesley,* 103 Mich App 240, 244; 303 NW2d 194 (1981):

"The trial court determined at the defendant's *Walker [People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)] hearing that the statement the defendant gave implicating himself was voluntary. *Upon an examination of the whole record, we do not find that the court's determination was clearly errone-*

*ous and so will 'give deference to the trial court's
findings, especially where demeanor of the witnesses*
[here, two police officers and the defendant] *is impor-
tant, as where credibility is a major factor'. People v
Terlisner,* 96 Mich App 423, 431; 292 NW2d 223 (1980),
*People v Hummel,* 19 Mich App 266, 270; 172 NW2d
550 (1969)." (Footnote omitted; emphasis added.)

We are not left with a definite and firm convic-
tion that the trial judge erred in holding that the
statement made by defendant to the police subse-
quent to his prior sentencing was voluntarily
made.

Defendant also claims that the confession was
extracted from him in the absence of counsel,
violating his Sixth Amendment right to counsel.
The United States Supreme Court has not ad-
dressed the issue of whether a confession obtained
in violation of the Sixth Amendment right to
counsel, see *Brewer v Williams,* 430 US 387; 97 S
Ct 1232; 51 L Ed 2d 424 (1977), and *Massiah v
United States, supra,* if found to be voluntary, is
admissible for impeachment. Although the issue
has not been decided by a Michigan court or by
the United States Supreme Court, we find a defen-
dant's Sixth Amendment right to counsel is appli-
cable to post-trial statements when appeal is not
final. See *Cahill v Rushen,* 501 F Supp 1219 (ED
Cal, 1980).

The rationale in *Harris v New York, supra,* was
applied in *United States v Havens,* 446 US 620;
100 S Ct 1912; 64 L Ed 2d 559 (1980), to permit use
for impeachment of evidence suppressed as the
fruit of an unlawful search. At least two federal
appeals courts have found the reasoning in *Harris*
to apply in the context of conduct which is illegal
under the *Massiah* Sixth Amendment rule to per-
mit statements to be used for impeachment.

*United States v McManaman, supra,* pp 924-925; *United States v Taxe, supra,* 968-969.

Moreover, in *People v Esters,* 417 Mich 34, 53-54; 331 NW2d 211 (1982), our Supreme Court affirmed by an equally divided Court the use for purposes of impeachment of a voluntary statement obtained from defendant in violation of his right to counsel under the Fifth and Fourteenth Amendments, quoting the basis of *Harris:*

" '*Miranda* barred the prosecution from making its case with statements of an accused made while in custody prior to having or effectively waiving counsel. It does not follow from *Miranda* that evidence inadmissible against an accused in the prosecution'a case in chief is barred for all purposes, provided of course that the trustworthiness of the evidence satisfies legal standards.

\*     \*     \*

" '*The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances.' *Harris,* pp 224, 226."

We find the trial court properly allowed the use of the statements here for impeachment purposes although they could not have been used in the prosecutor's case in chief. That a defendant should not be permitted to perjure himself and then insulate his false statements behind an exclusionary rule should apply equally to a Sixth Amendment violation.

Defendant further claims the use of the statement for impeachment purposes constituted an abuse of the trial court's discretion in that the prejudicial effect of the statement outweighed its probative value. We disagree under the facts presented here. The prosecution had no direct evidence as to what passed between defendant and

the victim on the night in question, but relied on circumstantial evidence to support inferences that defendant was the killer and that the killing was murder. Defendant was the only surviving eyewitness to the killing. Defendant testified that the victim was accidentally shot, when, distraught over the termination of an affair with defendant, she grabbed a gun from the glove compartment of defendant's car. Under the circumstances, defendant's credibility was crucial.

There was little danger that defendant's inconsistent statement would be treated erroneously as substantive evidence of defendant's guilt. Defendant's trial testimony indicated that the shooting occurred while the victim was sitting in defendant's car with the door open and her feet on the pavement. Defendant's statement to the police indicated that the victim was standing outside the car at the time. Defendant's trial testimony indicated that he did not know in whose hand the gun was when it went off. Defendant's statement to the police indicated that the gun was in his hand. The two aspects of defendant's statement to the police were not necessarily inconsistent with defendant's theory of accident; their significance is that they show that defendant has changed his story. On the other hand, if the jury disbelieved defendant's theory of accident, the discrepancies could be probative as to the issue of defendant's credibility.

Defense counsel claimed the trial court erred in allowing the prosecution to present rebuttal testimony relevant to the victim's state of mind regarding defendant. After the defense had rested its case, the prosecution moved to recall Raymond Spragg. Spragg testified that, two or three weeks before her death, the victim had pointed out defendant and told the witness that defendant had been

"bugging" her to go out with him and that she could not "stand the guy".

Consistent with the mandate in *People v White,* 401 Mich 482, 503-504; 257 NW2d 912 (1977), the trial court instructed the jury that Spragg's testimony regarding the victim's statement could be used only "to show the state of mind of the victim, Leslie Herron, and the relevancy of her state of mind as it then may have existed to show her subsequent act" and not "as any evidence or direct proof that the defendant was, in fact, so to speak, bugging her * * *".

Defendant first objected to Spragg's testimony on the ground that it was improper rebuttal. The defendant is entitled to have the testimony introduced in its proper order. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974), quoting *People v Quick,* 58 Mich 321; 25 NW 302 (1885).

Legitimate rebuttal testimony is limited to the refutation or impeachment of relevant and material evidence bearing on an issue properly raised in the case by the opposing party. *People v Bennett,* 393 Mich 445, 449; 224 NW2d 840 (1975); *People v Meadows,* 80 Mich App 680, 686; 263 NW2d 903 (1977). Rebuttal testimony which is used to impeach on a collateral matter is improper. *People v McGillen #1, supra,* pp 266-267. The admission of rebuttal evidence is within the discretion of the trial judge. *People v Utter,* 217 Mich 74; 185 NW 830 (1921); *People v Dixon,* 84 Mich App 675, 685; 270 NW2d 488 (1978), *lv den* 405 Mich 837 (1979).

The trial judge did not abuse his discretion in admitting as rebuttal the testimony of Raymond Spragg. The rebuttal testimony was used to refute or impeach relevant and material evidence, offered by defendant, on an issue raised in the case by

defendant. Specifically, the evidence reflecting the victim's state of mind tended to impeach defendant's defense of accident, insofar as it rested on a factual scenario in which defendant and the victim were intimate. Under the circumstances of this case, the victim's state of mind regarding the defendant was irrelevant until the defense of accident during a "lovers' quarrel" was raised by defendant.

Defendant further contends that the trial court erred in finding Spragg's testimony relevant and thus admissible. The trial court was correct is terming the testimony regarding the victim's state of mind toward the defendant as "most relevant, most probative, and one of * * * if, in fact, not the most * * * crucial factual issues in this case". A cautionary instruction on the limited use of such evidence was given.

Finally, defendant argues Spragg's testimony should have been excluded because the witness violated the trial court's sequestration order. Whether to exclude a witness who has violated a sequestration order is within the trial court's discretion. *People v Boose,* 109 Mich App 455; 311 NW2d 390 (1981); *People v Dickerson,* 62 Mich App 457; 233 NW2d 612 (1975), *lv den* 396 Mich 840 (1976). Defendant must demonstrate that prejudice has resulted. *People v Hill,* 88 Mich App 50, 65; 276 NW2d 512 (1979). However, not only did Spragg state that he had not discussed the case with any other witnesses or spectators, which negates any showing of prejudice, it also appears that he did not, in fact, violate the trial court's order.

Defendant claims reversible error occurred because of improper argument by the prosecutor. Defendant first claims the prosecutor's comment

during argument that the victim was abducted after she refused his advances and "threatened to all the police" constitutes argument unsubstantiated by the evidence. These comments were made during closing argument and during the prosecutor's rebuttal to defense counsel's closing argument. Objection was voiced by defense counsel only during the latter comment, but the trial court found there was "sufficient circumstantial evidence in this case to warrant the argument".

The prosecutor may argue his theory of what happened based on logical inferences drawn from the evidence admitted. It is impermissible for the prosecutor to argue that there is evidence that something occurred when there is not any such evidence. *People v Riemersma,* 104 Mich App 773, 783; 306 NW2d 340 (1981). The prosecutor here clearly submitted to the jury a factual theory consistent with the physical and circumstantial evidence in the case. There was no direct evidence that the victim spurned defendant's advances or threatened to call and report him to the police. However, the prosecutor was not arguing that there was evidence that these events occurred— "we can't reconstruct for you blow by blow, word by word, what occurred between the time that she was abducted from her car and the time that the defendant shot her * * *". He was suggesting, generally, what might have occurred, merely arguing his theory from the facts and evidence.

Defendant additionally alleges that the prosecutor "misused" Raymond Spragg's rebuttal testimony as "substantive evidence" rather than only "state of mind evidence relevant to defendant's assertion of a prior relationship between himself and Ms. Herron" and improperly asserted the substance of defendant's prior inconsistent state-

ment that he had held the gun as evidence of guilt rather than for impeachment. Defense counsel raised no objection to these comments at trial. Appellate review of alleged improprieties in a prosecutor's closing argument is precluded in the absence of any objection at trial for the reason that the trial court is deprived of the opportunity to make a corrective instruction at that time. An exception to this rule exists where any prejudicial effect could not have been eliminated by a curative instruction, or where failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 16; 260 NW2d 58 (1977); *People v Walker,* 93 Mich App 189, 198; 285 NW2d 812 (1979).

A review of the comments assailed on appeal convinces us there was no manifest injustice here. In stating that the evidence showed there was no intimate relationship between defendant and the victim, the prosecutor did not refer in any way to Spragg's testimony. Even assuming that such use would be improper, June Josey's testimony fully supported such a statement.

The prosecutor's comment that defendant "doesn't even admit to having the gun in his hand when I asked him a question about the two officers hearing him say this", would not appear to suggest to the jury that it should improperly use impeaching evidence as substantive evidence of defendant's guilt. Even if it did, it is clear that a cautionary instruction would have cured any prejudice, had one timely been requested by defense counsel. The prosecutor's argument did not inject reversible error into the proceedings below.

Defendant claims the trial court abused its discretion in denying defendant's request that the jury be instructed not to experiment with exhibits.

The record does not indicate that the jury conducted any experimentation with the exhibits and we decline to reverse on the mere possibility of error suggested by defendant.

Finally, defendant claims he is entitled to resentencing because the sentencing judge disclaimed reliance on one conclusion contained in the presentence report.

At sentencing, the court reviewed and considered a presentence psychiatric report by Dr. Norman G. Poythress. Among other things, Dr. Poythress had concluded that two particular features of defendant's history suggested that recidivism by defendant was unlikely. The second of these "features" was that "the victim in this case was a person whom he [defendant] knew intimately, as evidenced by his admission to having had an extramarital affair with the victim".

Relative to this conclusion, the sentencing judge made a determination to discount the report to the degree that the forensic examiner based his evaluation on an acceptance that the victim was a person the defendant knew intimately.

The trial judge has the discretion to consider and weigh the contents of the presentence report. *People v McIntosh,* 62 Mich App 422, 446; 234 NW2d 157 (1975), *aff'd in part, rev'd in part on other grounds* 400 Mich 1; 252 NW2d 779 (1977). There was evidence admitted at trial which clearly tended to impeach defendant's assertion that he had an intimate relationship with the victim. In light of this conflict and the fact that the psychiatric evaluation rested on defendant's own statement, the trial court did not abuse its discretion in voicing its skepticism concerning the reliability of that portion of the psychiatric report.

Affirmed.