PEOPLE v WYNN

Docket No. 141826. Submitted November 9, 1992, at Lansing. Decided December 21, 1992, at 9:25 A.M.

Leroy J. Wynn pleaded guilty in the Oakland Circuit Court, Fred M. Mester, J., of attempted kidnapping and felonious assault and was sentenced to two years' probation. The defendant reserved his right to challenge the court's order reinstating the charges, which had been dismissed over the prosecutor's objection, in accordance with the complainant's wishes. The charges were reinstated, pursuant to the prosecutor's motion, after the complainant changed her mind about not proceeding.

The Court of Appeals *held:*

1. By conditioning his guilty plea on only his right to challenge the reinstatement of the charges, the defendant waived appellate review of his claim that he was denied his constitutional right to a speedy trial.

2. The two crimes are legally distinguishable on the basis of the facts presented. Therefore, being convicted of and sentenced for each offense does not constitute double jeopardy under the United States or the Michigan Constitutions. One sentence for two convictions does not violate the defendant's right not to be placed in double jeopardy. Further, the defendant was not subjected to multiple punishments for the same offense. He received only one sentence.

3. The court properly reinstated the charges after erroneously usurping the charging authority of the prosecutor. The defendant was not denied due process; he was given notice, an opportunity to be heard, and was not subjected to unfair harassment by the prosecutor.

Affirmed.

CONSTITUTIONAL LAW — CRIMINAL LAW — DOUBLE JEOPARDY.

Being convicted of and sentenced for two dissimilar offenses

REFERENCES

Am Jur 2d, Criminal Law §§ 277, 279.

Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

where one offense followed the other does not constitute double jeopardy under the United States or the Michigan Constitutions.

*Frank J. Kelley,* Attorney General, *Thomas. L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Anica Letica,* Assistant Prosecuting Attorney, for the people.

*Dory A. Baron,* for the defendant on appeal.

Before: GRIBBS, P.J., and MICHAEL J. KELLY and REILLY, JJ.

PER CURIAM. Defendant appeals as of right his conditional plea of guilty of attempted kidnapping, MCL 750.349; MSA 28.581; MCL 750.92; MSA 28.287, and felonious assault, MCL 750.82; MSA 28.277, and his sentence of two years' probation. Defendant reserved his right to challenge the trial court's order reinstating the charges. We affirm.

First, defendant's guilty plea waived appellate review of his claim that he was denied his constitutional right to a speedy trial, because the plea was conditioned on only his right to challenge the reinstatement of the charges. *People v Depifanio,* 192 Mich App 257; 480 NW2d 616 (1991).

Second, defendant's one sentence for the two convictions did not violate defendant's right not to be placed in double jeopardy. The act of kidnapping was completed when the defendant forced the victim into his car against her will and drove away. The facts supporting the charge of felonious assault were separate and distinct from the facts supporting the charge of kidnapping, and the two crimes were legally distinguishable on the basis of the facts presented. *People v Coddington,* 188 Mich App 584, 594; 470 NW2d 478 (1991). When two dissimilar offenses have occurred, one following the other, conviction and sentence for each offense

does not constitute double jeopardy under either the federal or the state constitution. *People v Santana,* 139 Mich App 484, 497-498; 363 NW2d 702 (1984).

Further, defendant's claim that he was subjected to multiple punishments for the same offense is without merit, because he received one sentence, probation, with one year in the Home Confinement Program.

Lastly, we reject defendant's claim that he was denied due process when the trial court reinstated the charges against him. Defendant argued, in support of his motion to quash, that the action should be dismissed because the victim's testimony was incredible and she did not wish to proceed with the prosecution. Over the prosecutor's objection, the trial court granted defendant's motion and dismissed the charges in accordance with the victim's wishes. The trial court did not find that the prosecution failed to carry its evidentiary burden at the preliminary examination.

A few weeks later, the prosecutor filed an emergency motion to reinstate the charges. The complainant had changed her mind about proceeding after learning that the defendant had threatened a neighbor with a gun. Following a hearing, the trial court reinstated the charges, concluding that it had erroneously dismissed them. We find no error in such reinstatement. Defendant was not denied due process, because he was given notice, an opportunity to be heard, and was not subjected to unfair harassment by the prosecutor. In reversing its prior decision to dismiss the charges, the trial court recognized its error in usurping the charging authority of the prosecutor. *People v Farmer,* 193 Mich App 400; 484 NW2d 407 (1992); *People v Jackson,* 192 Mich App 10, 15; 480 NW2d 283 (1991); MCR 2.612(C)(1)(a).

Affirmed.